UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE BRIEANT

07 CV 11472

----------------------------------------X

ARBEN GROUP, LLC,

               Plaintiff,

-against-

HOOVER TREATED WOOD PRODUCTS,

               Defendant.

----------------------------------------X

Removed from:
Supreme Court of the State of New York,
County of Westchester
Index No. 3785/2007

Civil Action No:_____

<u>NOTICE OF REMOVAL</u>

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:

PLEASE TAKE NOTICE that Defendant HOOVER TREATED WOOD PRODUCTS ("HOOVER"), pursuant to 28 U.S.C. §§ 1441 et seq., hereby removes this case from the Supreme Court of the State of New York, County of Westchester to the United States District Court for the Southern District of New York; and in support thereof says as follows upon information and belief:

     1.     Plaintiff Arben Group, LLC. ("Arben"), commenced this action on or about November 9, 2007, by filing its Summons with Notice against Hoover in the Supreme Court of the State of New York, County of Westchester. It has been assigned Index No. 3785/2007. Attached as Exhibit "A" is a true copy of Plaintiff's Summons with Notice ("Summons").

     2.     Hoover was served with the Summons, via the New York Secretary of State, on November 20, 2007.

     3.     Thereafter, on or about December 19, 2007, Hoover was served, by mail, with a Verified Complaint ("Verified Complaint"). Attached as Exhibit "B" is a true copy of Plaintiff's Verified Complaint.

ME1 7002761v.1

4. The Summons and Verified Complaint constitute all process and pleadings received by Hoover in this action.

5. Plaintiff alleges in the Verified Complaint, *inter alia*, Hoover, pursuant to a contract, supplied Plaintiff with Plywall® Panels for use in a Wood Noise Barrier System on the Sprain Brook Parkway.

6. Plaintiff alleges that the Plywall® Panels peeled, separated and deteriorated within months of their installation, thereby making them unfit for their intended use.

7. Based upon the foregoing, Plaintiff alleges causes of action sounding in Breach of Contract, Breach of Express Warranty, Breach of Implied Warranty and Breach of Implied Warranty of Fitness for a Particular Purpose.

8. Plaintiff seeks monetary damages exceeding $1,200,000 for each of the four causes of action alleged, as well as costs and disbursements.

9. Upon these facts, Hoover reasonably believes and, therefore, avers that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

DIVERSITY OF CITIZENSHIP

10. For the purpose of determining diversity, a corporation is deemed to be a citizen of both the state of its incorporation and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

11. The Verified Complaint identifies Plaintiff, Arben Group, LLC., as "a limited liability company existing under the laws of the State of New York with a principal place of business at 175 Marble Avenue, Pleasantville, New York 10570" *See* Exhibit "B" at ¶ 1. Based upon this allegation, Hoover believes that Plaintiff was, at the time the action was commenced, a citizen of the State of New York. *Id.* at ¶ 1.

ME1 7002761v.1

12. Hoover is, and was at the time this action was commenced, a foreign corporation incorporated under the laws of the State of Delaware with its principal place of business at 154 Wire Road, NW, Thomson, Georgia 30824.

13. Thus, complete diversity of citizenship exists between Plaintiff and Defendant.

## PROPRIETY OF REMOVAL

14. This Court has jurisdiction over this matter based upon diversity of citizenship because the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of this Court, and because the action is between citizens of different states. *See* 28 U.S.C. §§ 1332 and 1441(b).

15. This Notice is timely, as it was filed within (a) thirty days after receipt by Hoover of the notice from which it first ascertained that the case was one which was removable and (b) within one year of the filing of the Verified Complaint. No previous application for removal has been made.

16. The United States District Court for the Southern District of New York is the federal judicial district encompassing the Supreme Court of New York, County of Westchester, State of New York, where this suit was originally filed. Venue, therefore, is proper in this district under 28 U.S.C. § 1441(a).

17. Accordingly, the present lawsuit may be removed from the Supreme Court of New York, County of Westchester, State of New York, to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a).

18. Written notice of the filing of this Notice of Removal is being served on Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of New York, County of Westchester, State of New York, as provided by 28 U.S.C. § 1446(d).

WHEREFORE, notice is hereby given that this action is removed from the Supreme Court of New York, County of Westchester, State of New York, to the United States District Court for the Southern District of New York. A true copy of this Notice of Removal is being served on the Plaintiff, and a copy of this Notice of Removal will be filed with the Supreme Court of New York, County of Westchester, State of New York, as provided by 28 U.S.C. §1446(d).

Dated: December 21, 2007
      New York, New York

McCARTER & ENGLISH, LLP

By: _____
Robert S. Bernstein (RB1509
245 Park Avenue
New York, NY 10167
(212) 609-6800
Attorneys for Defendant
Hoover Treated Wood Products

TO: Arthur J. Semetis, Esq.
ARTHUR J. SEMETIS, P.C.
Attorneys for Plaintiff Arben Group LLC
286 Madison Avenue - 14th Floor
New York, New York 10017
(212) 557-5055

ME1 7002761v.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
----------------------------------------------------------------X
ARBEN GROUP, LLC,

                *Plaintiff,*

        -*against*-

HOOVER TREATED WOOD PRODUCTS, INC.

                *Defendant.*
----------------------------------------------------------------X

Index No.: 07- 23249

Date Purchased:
November 9, 2007

**SUMMONS WITH NOTICE**

RECEIVED
NOV -9 2007
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

**TO THE ABOVE NAMED DEFENDANT:**

HOOVER TREATED WOOD PRODUCTS, INC.
154 Wire Road, NW
Thomson, GA 30824

    You are hereby summoned to appear in this action and are required to serve a notice of appearance and/or a demand for the complaint on Plaintiff's attorney within twenty days after the service of this summons, exclusive of the day of service, if this summons is personally delivered to you within the State of New York, or within thirty days after service is complete, if this summons is not personally delivered to you within the State of New York. Your time to appear may be extended as provided in subdivision (b) of CPLR 3012.

    Take notice that this is an action brought by Arben Group, LLC against Hoover Treated Wood Products, Inc., for breach of contract, breach of implied warranty, and breach of express warranty, relating to the Project known as New York State Department of Transportation Contract No. D260019.

    As a result, Plaintiff has suffered damages in an amount to be determined at trial but believed to be in excess of $1,000,000.00, plus interest, costs and disbursements. In case you of your failure to appear, judgment will be taken against you by default for a sum in excess of $1,000,000.00 with interest from November 1, 2007, plus costs and disbursements of this action.

    The basis of the venue designated is the business office of Plaintiff which is 175 Marble Avenue, Pleasantville, New York 10570.

Dated: New York, New York
       November 7, 2007

                                        **ARTHUR J. SEMETIS, P.C.**

                                        By:_____
                                            Arthur J. Semetis, Esq.
                                        Attorneys for *Plaintiff*
                                        *Atben Group, LLC*
                                        286 Madison Avenue
                                        14th Floor
                                        New York, NY 10017
                                        (212) 557-5055

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------X
ARBEN GROUP, LLC,

                         Plaintiff,

-against-

HOOVER TREATED WOOD PRODUCTS INC.,

                         Defendant.
------------------------------------------------------------X

Index No.: 3785/2007

**VERIFIED COMPLAINT**

Plaintiff, Arben Group, LLC ("Arben"), by its attorneys, Arthur J. Semetis, P.C., as and for its Verified Complaint against defendant, Hoover Treated Wood Products Inc. ("Hoover"), alleges as follows:

## THE PARTIES

1. At all times hereinafter mentioned, the plaintiff, Arben was and is a limited liability company existing under the laws of the State of New York with a principal place of business at 175 Marble Avenue, Pleasantville, New York 10570.

2. At all times hereinafter mentioned, defendant Hoover was and is a foreign corporation organized and existing under the laws of the State of Delaware with a principal place of business at 154 Wire Road, NW, Thomson, Georgia 30824.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach Of Contract)

3. On or about January 31, 2006, Arben, as prime contractor, entered into a contract with the New York State Department of Transportation ("NYSDOT"), as owner, in connection with the construction of a project known as the Sprain Brook Parkway Noise Barrier System ("Project") under Contract Number D260019 ("Contract").

4. The Contract required Arben to, <u>inter alia</u>, furnish and erect a Wood Noise Barrier System with gates, consisting of Plywall® Panels, which were, according to the Contract specifications, to be manufactured and supplied exclusively by Hoover ("Plywall® Panels").

5. The Contract further specified that the Plywall® Panels to be manufactured and supplied exclusively by Hoover should have a design life of thirty (30) years or more.

6. Based upon the specifications of the Contract provided to Hoover, on or about April 27, 2006, Arben entered into a written purchase order agreement with Hoover, pursuant to which Hoover agreed to furnish Arben with labor and materials, including, but not limited to, the Plywall® Panels for use and incorporation into the Project ("Purchase Order").

7. Thereafter, Hoover supplied Arben with the Plywall® Panels for use and incorporation into the Project.

8. Within months of their installation at the Project by Hoover, the Plywall® Panels peeled, separated and deteriorated, thereby making them unfit for use at the Project.

9. Arben has performed all of the terms, conditions and work required to be performed under the Purchase Order.

10. Hoover breached the Purchase Order by, <u>inter alia</u>: (i) failing to provide materials in accordance with the specifications; (ii) failing to make remedial repairs; and, (iii) providing and delivering Plywall® Panels that were defective, deficient, and inferior to those that were specified in the Contract.

11. Due to Hoover's breach of the Purchase Order, Arben has been damaged in an amount not yet determined, but believed to be in excess of $1,200,000.00.

<u>**AS AND FOR A SECOND CAUSE OF ACTION**</u>
**(Breach Of Express Warranty)**

12. Arben repeats, realleges and reiterates the allegations contained within paragraphs

1 through 11 of the Verified Complaint as if fully set forth herein.

13. In or about and between December 2005 and April 2006, Hoover made affirmations of fact concerning the suitability of the Plywall® Panels to be provided to Arben under the Purchase Order for Arben's incorporation into the Project.

14. In or about and between December 2005 and April 2006, Hoover represented to Arben that the Plywall® Panels that it provided were suitable for their intended purpose and that would comply with the Contract requirements.

15. The foregoing affirmations of fact and promises became part of the agreement with Hoover.

16. Arben reasonably relied upon the verbal and written warranties of Hoover regarding the suitability of the Plywall® Panels to be provided by Hoover.

17. Hoover induced Arben to enter into the Purchase Order based upon the foregoing representations and warranties.

18. As a result of Hoover's breach of its express warranties as set forth above, Arben has been damaged in the amount not yet determined, but believed to be in excess of $1,200,000.00.

### AS AND FOR A THIRD CAUSE OF ACTION
(Breach Of Implied Warranty)

19. Arben repeats, realleges and reiterates the allegations contained within paragraphs 1 through 18 of the Verified Complaint as if fully set forth herein.

20. In or about and between December 2005 and April 2006, Arben reviewed and relied upon various specifications from Hoover regarding Hoover's Plywall® Panels for incorporation into the Project as specified by the NYSDOT.

3

21. Upon information and belief, Hoover was provided with the Contract, which fully and completely described the intended use of said materials, and specifically designated the Plywall® Panels described herein to be supplied and installed by Hoover.

22. Hoover is a fabricator and supplier of Plywall® Panels and is imputed with certain knowledge of the properties of the Plywall® Panels and their fitness for a particular purpose.

23. Hoover was aware that Arben and the NYSDOT was relying on its field expertise and special knowledge of the properties of Plywall® Panels in entering into the Purchase Order.

24. The Plywall® Panels were unfit for the purpose required under the Purchase Order.

25. The Plywall® Panels provided by Hoover were an inferior product that are not of a merchantable quality for the ordinary uses for which they are intended.

26. As a result of Hoover's breach of implied warranties, Arben has been damaged in an amount not yet determined, but believed to be in excess of $1,200,000.00.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Implied Warranty of Fitness for a Particular Purpose)

27. Arben repeats, realleges and reiterates the allegations contained within paragraphs 1 through 26 of the Verified Complaint as if fully set forth herein.

28. Hoover had knowledge of the purpose for which the Plywall® Panels were purchased and warranted the same to be fit and proper for such purpose.

29. Arben relied upon said warranty and attempted to use the Plywall® Panels for incorporation into the Project as set forth in the Purchase Order and the Contract, but the same were wholly defective so as to be unfit for Arben's incorporation into the Project.

30. Immediately upon realizing the defects of the Plywall® Panels, Arben notified Hoover and demanded replacement or remediation of the defective Plywall® Panels.

31.  Hoover refused to take any action to satisfactorily remediate the problems caused by its defective Plywall® Panels, causing Arben to be damaged in an amount not yet determined, but believed to be in excess of $1,200,000.00.

**WHEREFORE**, plaintiff Arben Group, LLC demands judgment against the defendant as follows:

a)  On the First Cause of Action, an amount yet to be determined, but believed to be in excess of One Million ($1,200,000.00) dollars, plus interest;

b)  On the Second Cause of Action, an amount yet to be determined, but believed to be in excess of One Million ($1,200,000.00) dollars, plus interest;

c)  On the Third Cause of Action, an amount yet to be determined, but believed to be in excess of One Million ($1,200,000.00) dollars, plus interest;

d)  On the Fourth Cause of Action, an amount yet to be determined, but believed to be in excess of One Million ($1,200,000.00) dollars, plus interest; and

e)  Such further and different relief as this Court deems just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
       December 19, 2007

Arthur J. Semetis, P.C.

By:_____
   Arthur J. Semetis
Attorneys for Plaintiff *Arben Group, LLC*
286 Madison Avenue – 14th Floor
New York, New York 10017
(212) 557-5055

asdoc:c\arben-hoover.ver compl