UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
ARBEN GROUP, LLC,                    :
                                     :
                    Plaintiff,       :
                                     :   Civil Action No: 07 CV 11472 (CLB)
         -against-                   :
                                     :   **ANSWER, COUNTERCLAIM**
HOOVER TREATED WOOD PRODUCTS, INC.   :   **AND JURY DEMAND**
                                     :
                    Defendant.       :
                                     :
                                     :
------------------------------------ X

    Defendant Hoover Treated Wood Products, Inc. ("Hoover"), by and through its counsel, McCarter & English, LLP responds to Plaintiff's Verified Complaint as follows:

## THE PARTIES

    1.  Hoover is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

    2.  Hoover admits the allegations contained in paragraph 2 of the Complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

    3.  Hoover is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint.

    4.  Hoover is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint.

5. Hoover is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint.

6. Hoover is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 6 of the Complaint, except admits that supplied Plaintiff with materials pursuant to a purchase order.

7. Hoover is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of the Complaint, except admits that it supplied Arben with Plywall® Panels pursuant to a purchase order.

8. Hoover denies the allegations contained in paragraph 8 of the Complaint.

9. Hoover denies the allegations contained in paragraph 9 of the Complaint.

10. Hoover denies the allegations contained in paragraph 10 of the Complaint.

11. Hoover denies the allegations contained in paragraph 11 of the Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION.

12. Hoover repeats, realleges and reiterates each and every response to paragraphs 1 through 11 of the Complaint as if fully set forth herein.

13. Hoover is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint.

14. Hoover is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint.

15. Hoover denies the allegations contained in paragraph 15 of the Complaint and respectfully refers all questions of law to the Court.

16. Hoover denies the allegations contained in paragraph 16 of the Complaint and respectfully refers all questions of law to the Court.

17. Hoover denies the allegations contained in paragraph 17 of the Complaint and respectfully refers all questions of law to the Court.

18. Hoover denies the allegations contained in paragraph 18 of the Complaint.

### ANSWERING THE THIRD CAUSE OF ACTION

19. Hoover repeats, realleges and reiterates each and every response to paragraphs 1 through 18 of the Complaint as if fully set forth herein.

20. Hoover is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint.

21. Hoover denies the allegations contained in paragraph 21 of the Complaint.

22. Hoover denies the allegations contained in paragraph 22 of the Complaint and respectfully refers all questions of law to the Court.

23. Hoover denies the allegations contained in paragraph 23 of the Complaint.

24. Hoover denies the allegations contained in paragraph 24 of the Complaint.

25. Hoover denies the allegations contained in paragraph 25 of the Complaint.

26. Hoover denies the allegations contained in paragraph 26 of the Complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

27. Hoover repeats, realleges and reiterates each and every response to paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. Hoover denies the allegations contained in paragraph 28 of the Complaint and respectfully refers all questions of law to the Court.

29. Hoover denies the allegations contained in paragraph 29 of the Complaint.

30. Hoover is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Complaint.

31. Hoover denies the allegations contained in paragraph 31 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

32. Some or all of Plaintiff's claims are barred by the learned intermediary and/or sophisticated user doctrines. At all relevant times herein, Plaintiff was in the position of a sophisticated purchaser, fully knowledgeable and informed with respect to the risks and benefits of the Plywall® Panels.

## SECOND AFFIRMATIVE DEFENSE

33. The injuries, damages, and losses alleged in the Complaint, none being admitted, were caused in whole or in part by the negligence of the Plaintiff and/or others, over whom Hoover exercised no control, had no opportunity to anticipate or right to control, and with whom

Hoover had no legal relationship by which liability could be attributed to it because of the actions of the Plaintiff and/or others, which by comparison was far greater than any conduct alleged as to Hoover.

### THIRD AFFIRMATIVE DEFENSE

34. Plaintiff's alleged loss, damage, injury, harm, expense, diminution, or deprivation alleged, if any, was caused in whole or in part by Plaintiff's failure to exercise reasonable care and diligence to mitigate Plaintiff's alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

35. Plaintiff's breach of warranty claims are barred because Plaintiff failed to give timely notice of any alleged breach of warranty to Hoover; Plaintiff did not reasonably rely upon any alleged warranty; Plaintiff failed to satisfy all conditions precedent or subsequent to the enforcement of such warranty; and the warranty was appropriately disclaimed, excluded or modified.

### FIFTH AFFIRMATIVE DEFENSE

36. Hoover alleges that Plaintiff was fully informed of the risks of the use of the Plywall® Panels made the subject of this action.

### SIXTH AFFIRMATIVE DEFENSE

37. The injuries or damages allegedly sustained by Plaintiff can be attributed to several causes and accordingly should be apportioned among the various causes according to respective contribution of each such cause to the harm sustained, if any. If any liability is found

against Hoover, then said liability will constitute 50% or less of the total liability assigned to all persons liable, and as such, the liability of Hoover to Plaintiff for non-economic loss shall be limited, and shall not exceed Hoover's equitable share.

### SEVENTH AFFIRMATIVE DEFENSE

38. Any verdict or judgment rendered against Hoover must be reduced by those amounts that have been, or will, with reasonable certainty, replace or indemnify Plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance.

### EIGHTH AFFIRMATIVE DEFENSE

39. Hoover hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves the right to amend this list to assert such defenses.

### COUNTERCLAIM

Hoover Treated Wood Products, Inc. ("Hoover") brings this breach of contract counterclaims against Plaintiff to recover damages resulting from Plaintiff's failure to make payment to Hoover in accordance with the terms of a written purchase order agreement.

### THE PARTIES

1. Hoover is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business located at 154 Wire Road, NW, Thomson, GA 30824.

ME1 7065828v.2

2. Upon information and belief, Arben Group, LLC ("Arben"), is a limited liability company existing under the laws of the State of New York with a principal place of business at 175 Marble Avenue, Pleasantville, New York 10570.

3. Upon information and belief, on or about January 31, 2006, Arben entered into a certain written contract, No. D260019, with the Department of Transportation of the State of New York (the "Contract").

4. Upon information and belief, pursuant to the Contract, Arben was to install noise barriers on the Sprain Brook Parkway in the City of Yonkers in Westchester County, New York (the "Project").

5. On or about April 27, 2006, Arben ordered certain materials from Hoover for the Project for the price of Three Hundred Ninety Eight Thousand Dollars ($398,000.00) (the "Agreement").

6. Hoover submitted invoices for payment for each truckload of sound barrier and related materials shipped to Arben.

7. Arben was required to pay Hoover within thirty (30) days of each invoice date.

8. Hoover submitted invoices to Arben dated August 3, 2006, September 18, 2006, October 5, 2006, October 10, 2006, October 19, 2006, November 2, 2006, November 8, 2006 and November 13, 2006 for materials shipped to Arben.

9. The total amount of invoices for materials shipped by Hoover to Arben was $398,000.00.

10. Arben failed to make payments to Hoover in the amount of $222,241.69.

11. Despite Hoover's demand for payment of all invoices submitted to Arben, Arben has refused to make payment in the amount of $222,241.69.

MEI 7065828v.2

-8-

## AS AND FOR A FIRST COUNTERCLAIM

12. Hoover repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 11 of its counterclaims.

13. Arben breached the agreement by failing to make payments as required in accordance with the terms of the agreement.

14. Hoover has at all times performed all of its obligations under the agreement.

15. Arben's failure to pay amounts due and owing from Arben to Hoover constitutes a breach of its obligations under the Agreement.

16. By reason of the foregoing, Hoover has suffered damages in an amount to be determined by the trier of fact but no less than $222,241.69 plus costs, disbursements, and attorneys fees.

WHEREFORE, defendant Hoover Treated Wood Products, Inc. requests that Plaintiff's Complaint, and all claims alleged therein, be dismissed with prejudice, that Hoover be awarded the costs, disbursements and attorneys' fees incurred in the defense of this action, and that Hoover be granted judgment in its favor on its counterclaim together with any other relief to which it may be entitled.

Dated:   New York, New York
         January 30, 2008

McCARTER & ENGLISH, LLP

By: _____
Robert S. Bernstein (RB 1509)
245 Park Avenue
New York, NY  10167
(212) 609-6800
Attorneys for Defendant
Hoover Treated Wood Products, Inc.

## JURY DEMAND

Hoover demands a trial by jury on all issues triable in this action.

_____
Robert S. Bernstein (RB 1509)

MEI 7065828v.2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------ X
    ARBEN GROUP, LLC,

            Plaintiff,

        -against-                                    Civil Action No: 07 CV 11472 (CLB)

                                                     **AFFIDAVIT OF SERVICE**
    HOOVER TREATED WOOD PRODUCTS, INC.

            Defendant.

------------------------------------------------ X

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

    The undersigned, being duly sworn, deposes and says that he is over the age of 18 years, and is not a party to this action.

    That, on the 30th day of January, 2008, he caused to be served the within ANSWER by first class mail upon:

        Arthur J. Semetis, Esq.
        Arthur J. Semetis, PC
        286 Madison Avenue - 14th Floor
        New York, NY 10017

the address having been designated by said attorneys for that purpose, by depositing a true copy of same, securely enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service.

                                                                                                    B. Wo
                                                                                  _____

Sworn to before me this
30th day of January, 2008

_Mabel Torres_
  (Notary Public)

                   MABEL TORRES
             Notary Public, State of New York
                   No. 01T_____
ME1 7065828v.2       Qualified _____y
            Commission Expires October 1, 2011